MARY KATE SULLIVAN (State Bar No. 180203)
mks@severson.com
THOMAS N. ABBOTT (State Bar No. 245568)
tna@severson.com
R. TRAVIS CAMPBELL (State Bar No. 271580)
rtc@severson.com
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, California 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

Attorneys for Defendant
GREEN TREE SERVICING LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN COLEMAN AND KARI ANN COLEMAN,<br><br>        Plaintiffs,<br><br>  vs.<br><br>GREEN TREE SERVICING LLC,<br><br>        Defendant. | Case No. 14-cv-00454-LJO-SKO<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[Filed concurrently with Request for Judicial Notice; [Proposed] Order]<br><br>Date:    May 13, 2014<br>Time:   8:30 a.m.<br>Crtrm:  4; 7th Floor<br>Judge:  Hon. Lawrence J. O'Neil<br><br>Action Filed:   February 13, 2014<br>Trial Date:     None Set |

**TO THE COURT, PLAINTIFFS AND THERE ATTORNEYS OF RECORD**:

**PLEASE TAKE NOTICE** that on May 13, 2014 at 8:30 a.m., or as soon thereafter as the matter may be heard, in Courtroom 4; 7th floor of the above entitled Court located at 2500 Tulare Street, Fresno, California 93721, Defendant GREEN TREE SERVICING LLC ("Green Tree" or "Defendant") will and hereby does move the Court to dismiss the Complaint of plaintiffs BRIAN COLEMAN and KARI ANN COLEMAN ("Plaintiffs") without leave to amend. This Motion is made and based upon Federal Rules of Civil Procedure 8(a) and 12(b)(6) on the substantive grounds that allegations contained in the Complaint fail to state a claim upon which relief can be granted.

This motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities, Request for Judicial Notice filed herewith and upon all pleadings, papers, and documents on file herein, as well as any oral argument which may be presented at the time of hearing or any matters of which judicial notice is requested and/or is taken.

DATED: April 15, 2014

SEVERSON & WERSON
A Professional Corporation

By:     /s/R. Travis Campbell
              R. Travis Campbell

Attorneys for Defendant
GREEN TREE SERVICING LLC

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ........................................................................................................... 1

II. FACTUAL BACKGROUND .......................................................................................... 1

    A. The "Debt" At Issue Is Mrs. Coleman's Mortgage Loan ................................... 1

    B. One Of The Plaintiffs Had One Telephone Conversation With Green Tree ............. 2

III. ARGUMENT ................................................................................................................... 2

    A. Standard On Motion To Dismiss Pursuant To Rule 12(b)(6) ............................. 2

    B. The FDPCA And Rosenthal Act Do Not Apply ................................................ 3

        1. Elements Of An FDCPA Claim ............................................................. 3

        2. Green Tree Is Not A "Debt Collector" Under The FDCPA ................... 3

        3. Elements Of A Rosenthal Act Claim ..................................................... 4

        4. A Residential Loan Secured By A Deed Of Trust Is Not A "Consumer Debt" Under The Rosenthal Act ........................................ 4

        5. Brian Coleman Is Not An Obligor On The Loan .................................. 6

    C. The Conduct Alleged Does Not Trigger A Violation OF Either Statute ................. 6

        1. Green Tree Was Never Sufficiently Notified That Plaintiffs Were Represented By Counsel With Respect To The Loan ......................... 6

        2. Telephone Calls On A "Virtual Daily Basis" Do Not Violate Either Statute ........................................................................................ 8

        3. There Are No Facts Showing Green Tree Ever Communicated With Plaintiffs At Times It Knew Or Should Have Known To Be Inconvenient ........................................................................................... 9

IV. CONCLUSION ............................................................................................................... 9

# TABLE OF AUTHORITIES

Page(s)

**FEDERAL CASES**

*Angulo v. Countrywide Home Loans, Inc.*
  2009 WL 3427179 (E.D. Cal. Oct. 26, 2009) .................................................. 4

*Anokhin v. BAC Home Loans Servicing, LLP,*
  2010 WL 5393972 (E.D. Cal. Dec. 22, 2010) .................................................. 4

*Arteaga v. Asset Acceptance, LLC,*
  733 F.Supp.2d 1218 (E.D. Cal. 2010) ............................................................ 8

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009) ....................................................................................... 3

*Beard v. Sentry Credit, Inc.,*
  2012 WL 3778880 (E.D. Cal. Aug. 31, 2012) ................................................ 8

*Bell Atlantic Corp. v. Twombly,*
  550 U.S. 544 (2007) .................................................................................. 2, 3

*Branco v. Credit Collection Services Inc.*
  2011 WL 3684503 (E.D. Cal. Aug. 23, 2011) ................................................ 9

*Cahill v. Liberty Mut. Ins. Co.,*
  80 F.3d 336 (9th Cir. 1997) ........................................................................... 2

*Castaneda v. Saxon Mortgage Services, Inc.,*
  687 F.Supp.2d 1191 (E.D. Cal. 2009) ............................................................ 5

*Darrin v. Bank of America, N.A.,*
  2013 WL 877087 (E.D. Cal. Mar. 7, 2013) ................................................ 5, 6

*Gallagher v. Gurstel, Staloch & Chargo, P.A.,*
  645 F.Supp.2d 795 (D. Minn. 2009) .............................................................. 9

*Graziano v. Harrison,*
  950 F.2d 107 (3d Cir. 1991) ........................................................................... 7

*Holmes v. Electronic Document Processing, Inc.,*
  2013 WL 4456544 (N.D. Cal. Aug. 13, 2013) ............................................... 3

*Moriarity v. Nationstar Mortgage, LLC,*
  2013 WL 3354448 (E.D. Cal. Jul. 3, 2013) ................................................... 5

*Paulsen v. CNF Inc.,*
  559 F.3d 1061 (9th Cir. 2009) .................................................................. 3, 4

*Pontiflet-Moore v. GMAC Mortg.*,
    2010 WL 432076 (E.D. Cal. Jan. 15, 2010) .................................................................. 5

*Sipe v. Countrywide Bank*,
    2010 WL 2773253 (E.D. Cal. Jul. 13, 2010) ............................................................. 5, 6

*Sprewell v. Golden State Warriors*,
    266 F.3d 979 (9th Cir. 2001) ...................................................................................... 3

*Thomas v. LDG Financial Services, Inc.*,
    463 F.Supp.2d 1370 (N.D. Ga. 2006) ......................................................................... 9

*Udell v. Kansas Counselors, Inc.*,
    313 F.Supp.2d 1135 (D. Kan. 2004) ........................................................................... 7

**FEDERAL STATUTES**

12 U.S.C.
    § 2605(i)(3) ................................................................................................................. 2

15 U.S.C.
    § 1692, *et seq*. ............................................................................................................ 1
    § 1692a(3) .................................................................................................................. 3
    § 1692a(5) .................................................................................................................. 3
    § 1692a(6) .................................................................................................................. 3
    § 1692a(6)(A) ............................................................................................................. 3
    § 1692c(a) .................................................................................................................. 6
    § 1692c(a)(1) .............................................................................................................. 9
    § 1692c(a)(2) ...................................................................................................... 6, 7, 8
    § 1692d ....................................................................................................................... 8
    § 1692d(5) .................................................................................................................. 8

**STATE STATUTES**

California Civil Code
    § 1788.2(f) .................................................................................................................. 4
    § 1788.2(e) .................................................................................................................. 4
    §§ 1788.2(h), (f), (c) ................................................................................................... 4
    §§ 1788.11(d), (e) ....................................................................................................... 8
    § 1788.11(e) ............................................................................................................... 6
    § 1788.14(c) ........................................................................................................ 6, 7, 8
    § 1788, *et seq*. ............................................................................................................ 1
    § 2924(a)(1) ................................................................................................................ 5

**RULES**

Federal Rules of Civil Procedure
    12(b)(6) ....................................................................................................................... 2

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs have sued Green Tree under the Fair Debt Collection Practices Act[1] ("FDCPA") and California's state law equivalent, the Rosenthal Fair Debt Collection Practices Act[2] ("Rosenthal Act"), in connection with Green Tree's servicing of Mrs. Coleman's $160,000 residential loan secured by a deed of trust against real property located in Visalia, California. The statutes, however, are inapplicable to this case. Courts in this District have held that mortgage servicers, like Green Tree, are not "debt collectors" under the FDCPA and that residential mortgage loans, like Mrs. Coleman's, are not "consumer debts" under the Rosenthal Act. Dismissal with prejudice is proper.

Even if the statutes did apply, however, the alleged conduct does not trigger any violation. First, to have any affect under the FDCPA an attorney representation letter must identify the loan that is the subject of the representation. Plaintiffs, however. do not allege that the loan at issue was ever mentioned in the "cease and desist" letter Green Tree allegedly received or that Plaintiffs provided their counsel's information at any other time. Second, the alleged telephone calls did not rise to the level of harassment. Indeed, courts in this District have found "daily" calls, like the ones allegedly made to Plaintiffs, do not violate either statute as a matter of law.

Notwithstanding Plaintiffs' conclusory allegations to the contrary, the undisputed facts show that neither the FDCPA or Rosenthal Act apply to this case. As a result, amendment would be futile and the Complaint should be dismissed with prejudice.

## II. FACTUAL BACKGROUND

### A. THE "DEBT" AT ISSUE IS MRS. COLEMAN'S MORTGAGE LOAN

Plaintiffs do not identify the "outstanding debt" that is the subject of the Complaint. *See* Complaint ("Compl.") at ¶ 4. This omission is intentional. Judicially noticeable facts show that in 2006 Mrs. Coleman took out a $160,000 loan secured by a deed of trust against real property located

---

[1] 15 U.S.C. § 1692, *et seq.*
[2] Cal. Civ. Code § 1788, *et seq.*

11293.0350/3171380.1

1

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

at 2023 N. Woodsville Dr., Visalia, CA 93292 (the "loan"). *See* RJN at Ex. A.[3]  The lender was MortgageTree Lending DBA A.G. Mortgage Services, the trustee was Financial Title Company and MERS[4] was the beneficiary. *Id.*, pp. 1-2.[5]  MERS assigned the loan to U.S. Bank National Association by an Assignment of Deed of Trust recorded on August 23, 2013. *Id.* at Ex. D.  Green Tree is the loan servicer.[6]

**B.    ONE OF THE PLAINTIFFS HAD ONE TELEPHONE CONVERSATION WITH GREEN TREE**

Although Plaintiffs allege that "on or around July of 2013" Green Tree "contacted Plaintiff on a virtual daily basis," Plaintiffs only identify one phone conversation. *See* Compl. at ¶¶ 5-6.  During the alleged call, "Plaintiff" allegedly "reminded" the Green Tree representative "of the existence of" a "cease and desist letter" and the representative allegedly said "he did not care." *Id.* at ¶ 6.  Plaintiffs do not identify which of them supposedly spoke to Green Tree, when the call occurred, or what else was said during the call.  Plaintiffs do not allege any other communications took place between them and Green Tree.

## III. ARGUMENT

**A.    STANDARD ON MOTION TO DISMISS PURSUANT TO RULE 12(B)(6)**

A complaint may be dismissed pursuant to Rule 12(b)(6) if a plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In ruling on a motion to dismiss, material factual allegations in the complaint are taken as true and construed in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1997).

However, the Court need not accept conclusory allegations, unwarranted deductions of fact, or

---

[3] This property is also listed in Plaintiffs' Chapter 7 bankruptcy schedules. *See* RJN at Ex. B, p. 12.

[4] Mortgage Electronic Registration Systems, Inc. ("MERS").

[5] By an Interspousal Transfer Deed, Mr. Coleman granted the property to Mrs. Coleman as her separate property. RJN at Ex. C.

[6] Federal Lending Law provides an apt description of the function served by loan servicers such as Green Tree: the "receiving [of] any scheduled periodic payments from a borrower pursuant to the terms of any loan . . . and making the payments of principal and interest and such pursuant to the terms of the loan." 12 U.S.C. § 2605(i)(3).

11293.0350/3171380.1                                   2

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *Twombly*, 550 U.S. at 561 ("a wholly conclusory statement of [a] claim" will not survive a motion to dismiss). "[A] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not [survive a motion to dismiss]." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Indeed, a complaint will not suffice if it tenders naked assertions devoid of further factual enhancement. *Id.* Nor must the court accept as true allegations in the complaint that contradict documents that are attached as exhibits. *Sprewell*, 266 F.3d at 988; *see also Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009) ("We are not ... required to accept as true conclusory allegations that are contradicted by documents referred to in the complaint, and we do not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations.")

**B.   THE FDPCA AND ROSENTHAL ACT DO NOT APPLY**

   **1.   Elements Of An FDCPA Claim**

To state a claim under the FDCPA, Plaintiffs must allege facts showing that: 1) they are "consumers,"[7] 2) that the financial obligation at issue is a "debt,"[8] 3) that Green Tree is a "debt collector" and 4) that Green Tree violated a provision of the FDCPA. *Holmes v. Electronic Document Processing, Inc.*, 2013 WL 4456544, *4 (N.D. Cal. Aug. 13, 2013). A "debt collector" is any "person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another . . . [listing exceptions]." 15 U.S.C § 1692a(6). The term "debt collector" does not include "any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor" *Id.* § 1692a(6)(A).

   **2.   Green Tree Is Not A "Debt Collector" Under The FDCPA**

Plaintiffs cannot allege any facts on which the Court could find Green Tree is a "debt

---

[7] A "consumer" is "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3).

[8] A "debt" is "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes . . . ." *Id.* § 1692a(5).

collector" under the FDCPA. The single sentence allegation merely recites the language of the statute and is therefore insufficient. *See* Compl. at ¶ 3; *Iqbal*, 556 U.S. at 678; *Paulsen*, 559 F.3d at 1071. Regardless, courts in this District have routinely held that mortgage servicers, like Green Tree, are not "debt collectors" under the FDCPA. *Anokhin v. BAC Home Loans Servicing, LLP*, 2010 WL 5393972, *3 (E.D. Cal. Dec. 22, 2010) ([I]t is well established in the Eastern District of California that a mortgage servicer is not considered a 'debt collector'. . . under the FDCPA"); *Angulo v. Countrywide Home Loans, Inc.* 2009 WL 3427179, *5 (E.D. Cal. Oct. 26, 2009) ("The law is well-settled . . . that creditors, mortgagors, mortgage servicing companies are not debt collectors and are statutorily exempt from liability under the FDCPA.") (citations and quotations omitted) (collecting cases). Plaintiffs cannot dispute that Green Tree is a mortgage servicer. As a result, the FDCPA claim should be dismissed with prejudice.[9]

### 3. Elements Of A Rosenthal Act Claim

The elements to state a claim under the Rosenthal Act are similar. Plaintiffs must allege that: 1) they are "debtors," 2) the obligation is a "consumer debt," 3) Green Tree is a "debt collector" and that Green Tree violated a provision of the statute. Cal. Civ. Code §§ 1788.2(h), (f), (c). A "consumer debt" means "money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction." *Id.* § 1788.2(f). A "consumer credit transaction" is "a transaction between a natural person and another person in which property, services or money is acquired on credit by the natural person from such other person primarily for personal, family, or household purposes." *Id.* § 1788.2(e).

### 4. A Residential Loan Secured By A Deed Of Trust Is Not A "Consumer Debt" Under The Rosenthal Act

Plaintiffs have not and cannot asserts facts on which the Court could find the obligation at issue is a "consumer debt" under the Rosenthal Act. As an initial matter, their conclusory allegation is insufficient. *See* Compl. at ¶ 3; *Iqbal*, 556 U.S. at 678; *Paulsen*, 559 F.3d at 1071. Further, courts in

---

[9] Green Tree has not uncovered any Ninth Circuit or California appellate decision addressing this issue.

1  this District have held that a residential mortgage loan, like Mrs. Coleman's, is not a consumer debt
2  under the Rosenthal Act. *See, e.g., Darrin v. Bank of America, N.A.*, 2013 WL 877087, **5-6 (E.D.
3  Cal. Mar. 7, 2013) (efforts to collect residential mortgage loan do not fall under the purview of the
4  Rosenthal Act); *Sipe v. Countrywide Bank*, 2010 WL 2773253, *17 (E.D. Cal. Jul. 13, 2010) ("If a
5  residential mortgage loan is not a debt under the [Rosenthal Act] for purposes of foreclosure, it makes
6  no sense to categorize it as a "consumer debt" when a loan serving[sic] company allegedly attempts to
7  collect the debt by means other than foreclosure"); *Pontiflet-Moore v. GMAC Mortg.*, 2010 WL
8  432076, *6 (E.D. Cal. Jan. 15, 2010) ("courts have declined to regard a residential mortgage loan as a
9  'debt' under the [Rosenthal Act]"); *Castaneda v. Saxon Mortgage Services, Inc.*, 687 F.Supp.2d 1191,
10 1197 (E.D. Cal. 2009) (granting motion to dismiss because "residential mortgage loans" are not within
11 "the scope" of the Rosenthal Act). The Court should follow these decisions.

12       Plaintiffs will likely argue that while residential loans subject to non-judicial foreclosure
13 proceedings are not "consumer debts," efforts to collect delinquent payments when the loan is not in
14 foreclosure bring it within the scope of the statute.[10] The Court should reject this argument. Indeed,
15 Judge Oliver Wagner considered this very argument and rejected it:

16  > If a residential mortgage loan is not a debt under the [Rosenthal Act] for purposes of
  > foreclosure, it makes no sense to categorize it as a "consumer debt" when a loan
17 > serving[sic] company allegedly attempts to collect the debt by means other than
  > foreclosure.
18

19 *Sipe*, 2010 WL 2773253 at *17. Chief Judge Morrison England, Jr. recently agreed. *See Darrin*, 2013
20 WL 877087 at **5-6. In *Darin*, the plaintiff alleged that the defendant, her loan servicer, had
21 inaccurately reported her mortgage payments as late to the consumer reporting agencies. *Id.* at **1-3.
22 The loan was not in foreclosure. *Id.*[11] The plaintiff asserted a variety of claims for the alleged
23 inaccurate reporting, including claims under the Rosenthal Act. *Id.* at *5. Chief Judge England Jr.

---

[10] One Magistrate Judge in this District has held that a residential mortgage loan can be a consumer debt under the Rosenthal Act if it is not in foreclosure. *See Moriarity v. Nationstar Mortgage, LLC*, 2013 WL 3354448, **5-6 (E.D. Cal. Jul. 3, 2013). *Moriarity* is an outlier and the Court should follow the majority rule in this District.

[11] Non-judicial foreclosure proceedings commence when a Notice of Default is recorded with the country recorder's office. *See* Cal. Civ. Code § 2924(a)(1).

28

reaffirmed that the Rosenthal Act does not apply to the collection of residential mortgage loans:

> The behavior Plaintiff complains of arises out of or exists in connection to her residential mortgage loan. As the courts have repeatedly held, the collection of this debt does not fall under the purview of the [Rosenthal Act].

*Id.* at *5. The Court should follow *Sipe*, *Darrin* and the numerous other Easter District decisions and dismiss the Rosenthal Act claim with prejudice.[12]

### 5. Brian Coleman Is Not An Obligor On The Loan

Notwithstanding the reasons discussed above, the claims under sections 1692c(a) of the FDCPA and sections 1788.11(e) and 1788.14(c) of the Rosenthal Act should be dismissed with prejudice as to Mr. Coleman because he is not an obligor on the loan.[13] Mrs. Coleman is the only borrower on the deed of trust. *See* RJN at Exs. A-B. As a result, Mr. Coleman is not a "consumer" under the FDCPA or a "debtor" under the Rosenthal Act because he is not an obligor on the loan. Indeed, there are no facts alleging that Green Tree ever contacted him regarding his wife's loan or contended he owed it. As a result, Green Tree could not have violated any of these sections with respect to Mr. Coleman.

### C. THE CONDUCT ALLEGED DOES NOT TRIGGER A VIOLATION OF EITHER STATUTE

Even if Green Tree was a "debt collector" and a residential loan was a "consumer debt," the conduct alleged does not constitute a violation of either statute.

#### 1. Green Tree Was Never Sufficiently Notified That Plaintiffs Were Represented By Counsel With Respect To The Loan

Plaintiffs contend Green Tree violated section 1692c(a)(2) of the FDCPA and section 1788.14(c) of the Rosenthal Act by contacting "PLAINTIFF after being notified that PLAINTIFF had legal representation concerning the instant matter." Compl. at ¶¶ 7, 8(f), (g). The claims fail for several reasons.

Section 1692c(a)(2) prohibits a debt collector who "knows the consumer is represented by an

---

[12] There is also no Ninth Circuit or California appellate decision addressing this issue.

[13] Those sections only protect "consumers" and "debtors" as defined by the statutes. 15 U.S.C. § 1692c(a), Cal. Civ. Code §§ 1788.11(e), 1788.14(c).

attorney <u>with respect to such debt</u> and has knowledge of, or can readily ascertain, such attorney's name and address" from communicating directly with the consumer. 15 U.S.C. § 1692c(a)(2) (emphasis added).[14] Similarly, section 1788.14(c) prohibits a debt collector from "[i]nitiating communications, other than statements of account, with the debtor . . . when the debt collector has been previously notified in writing by the debtor's attorney that the debtor is represented by such attorney <u>with respect to the consumer debt</u> and such notice includes the attorney's name and address . . . ." Cal. Civ. Code § 1788.14(c) (emphasis added).

Accordingly, an attorney representation letter is only valid if it identifies the account that is the subject of the attorney's representation. *See Graziano v. Harrison*, 950 F.2d 107, 113 (3d Cir. 1991) (holding communication with debtor did not violate section 1692c(a)(2) because letter did not specify which of the plaintiff's debts was subject of the representation); *see also Udell v. Kansas Counselors, Inc.*, 313 F.Supp.2d 1135, 1140-41 (D. Kan. 2004) (holding cease and desist letter stating that plaintiffs were represented with respect to "all accounts" did not bar debt collector from communicating with plaintiffs regarding future accounts). Plaintiffs do not allege that the "cease and desist" letter that Green Tree "was given" stated that Plaintiffs were represented with respect to Mrs. Coleman's loan. *See* Compl. at ¶ 6. If the letter did not identify the mortgage then Green Tree was not sufficiently on notice that Plaintiffs were supposedly represented with respect to the loan. Indeed, Plaintiffs' bankruptcy schedules show a second mortgage on the property and variety of other entities to which they were indebted. *See* RJN at Ex. B.

Nor do they allege that Green Tree was ever provided their "attorney's name and address." There is no allegation that the "cease and desist" letter contained their attorneys' information, nor do they claim Green Tree was advised of Plaintiffs' attorney's name and address during the phone conversation. *See* Compl. at ¶ 6. Merely referencing a "cease and desist letter" without knowing its contents does not state a violation of either section.[15]

---

[14] The prohibition applies "unless the attorney fails to respond within a reasonable period of time" or "unless the attorney consents to direct communication with the consumer." *Id.*

[15] Tellingly, Plaintiffs do not attach a copy of the letter to their Complaint.

As a result, Plaintiffs have not stated a claim under section 1692c(a)(2) or 1788.14(c). The claims are nothing more than vague, legal conclusions and should be dismissed.

### 2.  Telephone Calls On A "Virtual Daily Basis" Do Not Violate Either Statute

Plaintiffs contend that Green Tree violated sections 1692d, d(5) of the FDCPA and section 1788.11(d), (e) of the Rosenthal Act. The conduct alleged, however, does not constitute a violation of either section.

Section 1692d(5) prohibits a collector from "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. § 1692d(5).[16] Similarly, sections 1788.11(d) and 1788.11(e) prohibit a collector from "[c]ausing a telephone to ring repeatedly or continuously to annoy the person called" and "[c]ommunicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute an harassment to the debtor under the circumstances." *See* Cal. Civ. Code §§ 1788.11(d), (e). Daily calls do not trigger a violation. *Arteaga v. Asset Acceptance, LLC*, 733 F.Supp.2d 1218, 1226-29 (E.D. Cal. 2010) ("daily" or "nearly daily" does not violate section 1692d and d(5) of the FDCPA or section 1788.11(d) of the Rosenthal Act); *see also Beard v. Sentry Credit, Inc.*, 2012 WL 3778880,*5 (E.D. Cal. Aug. 31, 2012).

Plaintiffs do not allege that Green Tree called them more than once in a day, called at odd hours, conveyed misleading information, called back right after hanging up, called their place of employment, used profanity or any other conduct that could indicate an intent to harass. *See Branco v. Credit Collection Services Inc.*, 2011 WL 3684503 *6 (E.D. Cal. Aug. 23, 2011) (granting summary judgment as to claims under section 1692d and d(5)). The only other fact alleged is a conversation one of the Plaintiffs – the Complaint does not reveal which one – had with Green Tree in which the representative allegedly said he "did not care" Green Tree had been given a cease and desist letter. As discussed above, the letter was only valid if it identified the account at issue. Regardless, the alleged

---

[16] Section 1692d prohibits a collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Because Plaintiffs do not allege any conduct beyond the alleged phone calls, this claim fails for the same reasons as the section 1692d(5) claim.

three word response does not rise to the level of harassment under either statute.[17]

### 3. There Are No Facts Showing Green Tree Ever Communicated With Plaintiffs At Times It Knew Or Should Have Known To Be Inconvenient

The claim under section 1692c(a)(1) also fails. Section 1692c(a)(1) prohibits a collector from "communicat[ing]" with a consumer "at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer . . . ." 15 U.S.C. § 1692c(a)(1).[18] Plaintiffs do not allege when Green Tree supposedly called them, let alone that the calls came before 8:00 a.m. or after 9:00 p.m. Nor do they allege any facts showing Green Tree knew calls at any specific time were inconvenient or when those supposed calls occurred. This claim is nothing more than a legal conclusion and should therefore be dismissed.

## IV. CONCLUSION

The Complaint fails to state a claim upon which relief may be granted for the reasons set forth above. Accordingly, Green Tree requests that the Motion to Dismiss Plaintiffs' Complaint be granted with prejudice and judgment be entered in favor of Green Tree.

DATED: April 15, 2014

SEVERSON & WERSON
A Professional Corporation

By:  /s/R. Travis Campbell
     R. Travis Campbell

Attorneys for Defendant
GREEN TREE SERVICING LLC

---

[17] *Cf. Gallagher v. Gurstel, Staloch & Chargo, P.A.*, 645 F.Supp.2d 795 (D. Minn. 2009) (single laugh by employee of debt collector during phone call with debtor to discuss holds placed on funds in debtor's bank account was not harassing, oppressive, or abusive conduct violative of FDCPA); *Thomas v. LDG Financial Services, Inc.*, 463 F.Supp.2d 1370 (N.D. Ga. 2006) (alleged conduct by debt collector during telephone conversation, in telling debtor that they were going to get their money one way or another, yelling that Georgia was a garnishable state, then hanging up, and asking debtor what her problem was because she was making the same salary as she did when she was paying her bills, did not rise to the level of harassment prohibited by the FDCPA).

[18] The section also provides that "[i]n the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after [8:00 a.m.] and before [9:00 pm.], local time at the consumer's location. *Id.*